Opinion.

### 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

LEWELLING & OTHERS V. LEWELLING.

January 16, 1913.

1. APPEAL AND ERROR—*Former Appeal—Res Judicata—Case in Judgment.*—All that was decided on the former appeal in this case was that the affairs, of a partnership were in such a state of confusion that no decree could be safely made adjusting the account between the partners and hence that the bill filed by the surviving partner against the representative of the deceased partner praying for a settlement of the partnership accounts should be dismissed. The opinion in no way dealt with debts against the partnership which had been proved and audited in one of the creditor's suits heard with the partnership suit. One of these partnership debts having been paid by the surviving partner since that time, he is entitled to go against the estate of the deceased partner for one-half of the amount so paid, and is not precluded therefrom by the former order of this court.

Appeal from a decree of the Circuit Court of Elizabeth City county. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*S. Gordon Cumming, Sidney J. Dudley,* and *John W. Friend,* for the appellants.

*Lett & Massie* and *Batchelor & Phillips,* for the appellee.

HARRISON, J., delivered the opinion of the court.

In another aspect this case was before this court at its March term, 1910, and the opinion then handed down is

reported in 110 Va. 761, 67 S. E. 362.    In the former opinion the facts are fully stated and need not be repeated here, except so far as may be necessary to make clear the question now presented for our consideration.

The foundation of this litigation was two creditors' suits brought against the firm of Lewelling Brothers, which had failed, to subject their partnership and individual assets to the payment of all the debts due by the Lewellings, both as partners and as individuals.    About the time of the institution of these suits the firm was dissolved by the death of James Lewelling, and a bill was filed by Thomas Lewelling, having for its main object a settlement of the accounts of the partners between themselves.    These three causes were consolidated and heard together.

One of the debts which the partnership owed at the time these creditors' suits were brought was due to the Dabney Brokerage Company, which held a deed of trust on real estate belonging to Thomas Lewelling, individually.    This property was sold under the deed of trust and brought $1,580, which was applied to the firm debt thereby secured. Thereupon Thomas Lewelling proved this $1,580 in the pending chancery suits as one of the firm debts, paid wholly by him, in order that he might be reimbursed to the extent that was proper.    Under a reference in these consolidated causes, one of the accounts the commissioner was directed to take was an account of the unpaid partnership debts, and the commissioner allowed this $1,580 item as a debt due to Thomas Lewelling by the partnership.    This action of the commissioner was confirmed by the circuit court by decree of August 1, 1908.    This same decree of August 1, 1908, in response to the prayer of the separate bill of Thomas Lewelling, attempted a partial settlement of the partnership accounts between the two partners, and the propriety of so much of the decree as attempted that settlement was the subject matter of the

former appeal, which resulted in the dismissal of the bill filed by Thomas Lewelling, this court holding that the partnership accounts were in such confusion that no proper settlement of them could be made.

By decree of April 21, 1910, the circuit court brought the two creditors' suits on to be heard upon the papers formerly read and upon the decree of this court, and directed a sale of the partnership real estate to satisfy the partnership debts, including the $1,580 audited in favor of Thomas Lewelling, providing that the latter debt should be postponed until all other partnership debts were paid. The appellants signified their purpose to appeal from that decree, and obtained an order suspending its execution for sixty days. No appeal having been taken within the time prescribed, the commissioners appointed for the purpose proceeded to sell the partnership real estate mentioned in the decree, and their report of such sales was confirmed and the proceeds applied to the payment in full of all the partnership debts except the $1,580 debt held by Thomas Lewelling, upon which was paid a balance of only $157.92.

On December 16, 1911, a decree was entered, reciting the prior decrees of August 1, 1908, and April 21, 1910, establishing the debt due to Thomas Lewelling, reciting further that the partnership assets had been exhausted, and holding that Thomas Lewelling was entitled to be paid one-half of this debt out of the individual estate of his deceased partner, and ascertaining that such one-half, after deducting proper credits, amounted to a balance of $578.23, appointed commissioners to sell certain real estate of James Lewelling, deceased, to satisfy this balance. From this decree the present appeal was taken.

The sole contention of appellants is that the effect of the decree of this court on the former appeal was to eliminate from further consideration all claims that

Thomas Lewelling may have had against the estate of James Lewelling, deceased. This contention cannot be sustained. It is clear that the former decree of this court was no broader than merely to dismiss the separate bill filed by Thomas Lewelling asking for a settlement of the partnership affairs of himself and his brother, James, leaving the two creditors' suits, in which the debt in controversy had been established, undisturbed. No other question than the right of Thomas Lewelling to have a settlement *inter se* of the partnership affairs was before this court or considered by it. The opinion of the court states, that "upon the coming on of the master's said report, and in dealing with the part of it relating to the partnership transactions of the Lewelling Brothers, with which alone we are concerned in this controversy, the circuit court decreed," &c. That is a clear declaration of the fact that on the former appeal this court was only concerned with the controverted right of Thomas Lewelling to have, under the circumstances shown, a settlement of the partnership affairs; and the whole opinion shows that no other question was or could have been touched, the opinion stating on its face that the appeal was from that part of the decree relating to a settlement of the partnership affairs *inter se.* So far as the former decree of this court is concerned, it left Thomas Lewelling and the other creditors whose debts had been proven and audited in the creditors' suits exactly where they were when the appeal was taken. The former appeal was not intended to have, and has not had, the slightest effect upon the debt in controversy, then asserted and now pressed by Thomas Lewelling.

The decree appealed from, so holding, was plainly right and must be affirmed.

*Affirmed.*